**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samuel HARARI, Defendant–Appellant.**

**No. 89–3880.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 30, 1991.

Michael G. Tanner, Jacksonville, Fla., for defendant-appellant.

Robert Genzman, John Steele, Asst. U.S. Atty., William R. Mitchelson, Jacksonville, Fla., Karla Spaulding, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before FAY and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Appellant pled guilty to charges involving the distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to ten years in prison and eight years of special parole. No appeal was taken. Appellant filed a motion under Rule 35(a) of the Fed.R.Crim.P. to correct an illegal sentence contending that the specific statute

covering his offense did not provide for the imposition of post-conviction monitoring. This motion was denied.

This argument involves the relationship of the provisions of the Anti–Drug Abuse Act of 1986 (ADAA) signed into law on October 27, 1986 and the Sentencing Reform Act of 1984 which became effective on November 1, 1987. Any doubt about this question of post-conviction monitoring being authorized between October 27, 1986 and November 1, 1987 has now been eliminated. The Supreme Court in *Gozlon–Perety v. United States*, 498 U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), has held that the ADAA provisions mandating a term of "supervised release" apply to all drug offenses specified in section 1002 of the ADAA, including 21 U.S.C. § 841, occurring after October 27, 1986.

We VACATE that portion of the sentence dealing with the special parole term and REMAND for resentencing in accord with the Supreme Court's recent pronouncement.